IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLIOTT-TODD PARKER KOGER,<br><br>      *Appellant*,<br><br>v.<br><br>ISAAC USOROH,<br><br>      *Appellee*. | Civil Action No. 2:24-cv-1287<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

This matter stems from Appellee Isaac Usoroh ("Usoroh") acquiring Appellant Elliott-Todd Parker Koger's ("Koger") family home in a sheriff's sale. Dissatisfied with what occurred in Pennsylvania's state courts, Koger has turned to the federal courts to air his grievances and prevent Usoroh from gaining possession of the property. Having carefully considered the record and Chief United States Bankruptcy Judge Gregory L. Taddonio's ("Bankruptcy Court") Opinion, for the following reasons the Court holds that the totality of the circumstances fully supports the Bankruptcy Court's decision to lift the stay and permit Usoroh to secure possession of the property. The Court will affirm the September 9, 2024 Order of the Bankruptcy Court.

       **I.**  **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" in bankruptcy proceedings. 28 U.S.C. § 158(a). District courts review "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error[,] and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (internal quotation marks omitted). A factual finding by a

1

bankruptcy court is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## II.   FACTUAL AND PROCEDURAL HISTORY

515 Kelly Avenue, Pittsburgh, PA 15221 [Tax Parcel No: 176-G-138] (the "Property") was purchased by "Todd Elliott Koger Sr." ("Koger Sr.") in December 1999. Over the next twenty-five years, the property has been entangled in litigation involving several members of the Koger family. In July 2005, the Wilkinsburg School District filed a Municipal Lien at GD-05-018165 for nonpayment of school taxes for 2001-2002 in the amount of $1,392.17. Following judgment by court order and a subsequent return on a Rule to Show Cause why the Property should not be sold at sheriff's sale, Usoroh purchased the Property at an August 2022 sheriff's sale for $51,000. Title passed to Usoroh by a sheriff's deed recorded on August 30, 2022. But when Usoroh tried to enter the property in September 2022, he was allegedly confronted by Koger Sr., who claimed that he was still the owner. Koger Sr. refused to turn over possession. (ECF No. 1-2; Case No. 24-21081-GLT, ECF No. 82).

Usoroh's ejectment actions in the Allegheny County Court of Common Pleas were filed first at GD-22-013385 (December 2022) against Koger Sr. and then at GD-23-009672 (August 2023) against Koger Sr. and his son, Koger. Through various proceedings, it has been determined that Usoroh has superior title and is entitled to possession of the Property. Koger Sr. and Koger had (and have) multiple appeals pending in the Superior Court of Pennsylvania related to the trial court proceedings docketed at Nos. 1340 WDA 2023, 511 WDA 2024, and 512 WDA 2024. On March 25, 2024, Usoroh filed a Praecipe for Writ or Possession, and on

April 15, 2024, Koger Sr. was served with that writ of possession. (*See* Civil Action No. 2:22-cv-1823, ECF Nos. 14 and 32); (ECF No. 1-2; Case No. 24-21081-GLT, ECF No. 82).

On May 3, 2024, Koger initiated proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 24-21081-GLT for Chapter 7 bankruptcy relief, claiming on his schedules that he was the fee simple owner of the Property, claiming an exemption in the Property, and electing to retain his purported interest in the Property. (Bankruptcy Petition #:24-21081-GLT, ECF No. 1). Usoroh moved to enforce the judgment for possession. The Bankruptcy Court held a hearing on the motion and allowed the Kogers "to expound on their position at length." (Case No. 24-21081-GLT, No. 82, p. 4). The Bankruptcy Court rejected Koger's various arguments, and lifted the stay to permit Usoroh to pursue his rights under applicable non-bankruptcy law and continue any legal process necessary to secure possession of the Property. (*See* ECF No. 1-2).

### III.  ANALYSIS

It is undisputed that a sheriff's sale of the Property occurred in August 2022. Any equitable interest that the Kogers may have had in the Property was extinguished with the sale. *See In re Peralta*, 48 F.4th 178, 181 (3d Cir. 2022). Added to that, there was judgment against Koger as to his possession. (GD-23-009672, No. 66). And that has been upheld by Pennsylvania's appellate courts. Thus, Pennsylvania's state courts have determined that Koger lacks legal or equitable title to the Property, and that any possessory interest he has can be divested.

Koger believes the Bankruptcy Court possessed the jurisdiction to review the decisions of the Pennsylvania state courts and that the Bankruptcy Court erred in not reviewing those decisions (*see e.g.,* ECF Nos. 6, 9, 26). But under the *Rooker-Feldman* doctrine, a federal court

3

may not review state court decisions. The Court concurs with the Bankruptcy Court that Koger's version of how the *Rooker-Feldman* doctrine operates is incorrect. The *Rooker-Feldman* doctrine unquestionably prevents state court losers from seeking appellate review of their state court judgments by federal district courts. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Lance v. Dennis*, 546 U.S. 459, 460 (2006).[1] The doctrine applies with equal force to bankruptcy courts. *See Knapper v. Bankers Tr. Co.*, 407 F.3d 573, 581 (3d Cir. 2005). This is all to say that the Bankruptcy Court was correct in refraining from weighing in on state court proceedings which have definitively determined Koger's lack of legal or equitable title to the property.[2]

Since a debtor's (Koger's) lack of any legal or equitable interest in the property is sufficient cause for relief from a stay,[3] *see JP Morgan Chase Bank v. Rocco (In re Rocco)*, 319

---

[1] A claim is barred by *Rooker–Feldman* when (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). A federal and state case are "inextricably intertwined" when "the federal court must take an action that would negate the state court's judgment" or when the relief sought by Plaintiff "would prevent a state court from enforcing its orders." *Id.* at 581. "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined, and the district court has no subject matter jurisdiction to hear the suit." *ITT Corp. v. Intelnet Intern.*, 366 F.3d 205, 211 (3d Cir. 2004) (citing *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840. (3d Cir. 1996)).

[2] The Court would further note that federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them. *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) (citation omitted).

[3] The Court finds no error with these factual findings and legal conclusions of the Bankruptcy Court:

> Putting aside the fact that the right to bring an avoidance action would be held by [Koger's] bankruptcy estate rather than him personally, there is simply no evidence that [Koger] ever owned the property. [Koger's] own filings scarcely suggest that he is the owner, and his arguments instead focus more on the ownership interest held by [Koger Sr.]. To bridge the gap, [Koger] needed to

4

B.R. 411, 418-19 (Bankr. W.D. Pa. 2005), the Bankruptcy Court was compelled to grant stay relief under both sections 362(d)(1) and 362(d)(2). Consequently, the Court will affirm the Bankruptcy Court's order granting Usoroh relief from the stay pursuant 11 U.S.C. § 362(d). (Case No. 24-21081-GLT, ECF No. 83, p. 2). The Court concurs with the Bankruptcy Court that among other things, Usoroh may enforce his rights under applicable non-bankruptcy law and continue any legal process necessary to secure possession of the real property located at 515 Kelly Avenue in Pittsburgh, Pennsylvania 15221.

### IV.     CONCLUSION

The Court will affirm the Bankruptcy Court's September 9, 2024 Order. An Order of Court will follow.

BY THE COURT:

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4/14/25
Date

---

establish an ownership interest held by [Koger Sr.] that was later assigned to him. If any such transfer occurred, the Court was presented with no record of it. Without a deed or other cognizable evidence of ownership, [Koger] lacks the necessary standing to avoid a fraudulent transfer in place of a trustee. Thus, this argument also fails.

(Case No. 24-21081-GLT, ECF No. 82, p. 9).